IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| LAURIE REINTS, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| MIDLAND CREDIT MANAGEMENT, | : | |
| Defendant. | : | |

## COMPLAINT

Laurie Reints, by her attorney Ray Johnson, for her claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and the Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Laurie Reints, is a natural person now residing in Polk County, Iowa.

4. Defendant, Midland Credit Management (hereinafter, "MCM") is a debt collection agency that conducts business in Iowa.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Defendant is attempting to collect an alleged debt from Reints on an alleged credit card account.

7. Defendant has been notified that Reints is represented by an attorney. Despite this notice, Defendant has continued to contact Reints directly.

## V. FIRST CLAIM FOR RELIEF

8. All facts and allegations of this Complaint are incorporated herein by reference.

9. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendants violated 15 U.S.C. § 1692(c)(a)(2) by communicating directly with Reints when it was known she was represented by an attorney.

As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for statutory damages, costs and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

10. All facts and allegations of this Complaint are incorporated herein by reference.

11. Ms. Reints' alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

12. With regard to attempts to collect from Ms. Reints as alleged herein, MCM was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

13. Defendant violated the State Act. The foregoing acts, omissions and practices of the Defendant were in violation of Iowa Code § 537.7103, including but not limited to:

   a. Defendant violated Iowa Code § 537.7103(1)(f) by taking an action, or threatening to take an action prohibited by Iowa Code chapter 537.7103 or any other law.

   b. Defendant violated Iowa Code § 537.7103(5)(e) by communicating directly with Reints when it knew she was represented by an attorney.

14. As a proximate result of the unfair debt collection, Defendant is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

## VII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

   A. Actual damages;

   B. Statutory damages pursuant to 15 U.S.C. § 1692k.

   C. Statutory damages pursuant to Iowa Code § 537.5201(1).

   D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

   E. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

_____
RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.

Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax:  (515) 222-2656
Johnsonlaw29@aol.com